IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT TILLMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FEDERAL HOME LOAN | : | NO. 12-3260 |
| MORTGAGE CORP., ET AL. | : | |
| | : | |

MEMORANDUM

Padova, J.                                                                                                  April 9, 2013

Plaintiff Herbert Tillman brings this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., alleging that he tripped on or fell into a hole at a property managed by the Defendants. Presently before the Court is Plaintiff's Motion for Alternative Service. For the following reasons, we deny the Motion without prejudice.

I.   BACKGROUND

On November 19, 2012, Plaintiff filed an Amended Complaint, asserting one claim of negligence against Defendant E&D Property Service LLC ("E&D"). On January 7, 2013, summons issued to E&D at its address at 8001 Castor Avenue was returned unexecuted. The process server indicated that 8001 Castor Avenue was actually the location of a post office box, and that E&D did not have an office at that location. (Pl.'s Mot. Ex. D.) Plaintiff sent a Freedom of Information Act inquiry to the United States Post Office, which replied that E&D's 8001 Castor Avenue address was "good as addressed." (Pl.'s Mot. Ex. E.) Plaintiff then conducted a search on LexisNexis and discovered an alternative address for E&D at 4505 Somerton Road. (Pl.'s Mot. Ex. F.) On February 11, 2013, a summons issued to E&D at 4505 Somerton Road was returned unexecuted, and the process server indicated that an adult female on the premises stated that E&D was not located at that address. (Pl.'s Mot. Ex. G.) Plaintiff

conducted additional searches on bizapedia.com and findthecompany.com, which confirmed that E&D's 4505 Somerton Road address was current. (Pl.'s Mot. Ex. H, I.) Plaintiff sent a second Freedom of Information Act inquiry to the United States Post Office, which replied that E&D's 4505 Somerton Road address was current and there was "no change of address order on file." (Pl.'s Mot. Ex. J.) On April 5, 2013, Plaintiff filed a Motion for Alternative Service, seeking court approval to serve E&D at 4505 Somerton Road by certified and regular mail.[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporation, partnership, other unincorporated association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Pursuant to Rule 4(e)(1), a plaintiff may serve a defendant pursuant to the law of the state in which the district court sits, or where service is made. Fed. R. Civ. P. 4(e)(1). Thus, in this case, Plaintiff may serve E&D in accordance with the Pennsylvania Rules of Civil Procedure. Under Pennsylvania Rule of Civil Procedure 424, service on a corporation or similar entity shall be made by personally serving the summons and complaint to:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

---

[1] The proposed order that Plaintiff submitted with his motion would permit service to be effectuated by both serving the summons and Amended Complaint by regular and certified mail, and posting the premises. However, Plaintiff's Motion and Memorandum do not mention posting the premises, and thus, we do not read the Motion to propose service that includes posting the property.

Pennsylvania Rule of Civil Procedure 430 provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). Under Rule 430, a plaintiff seeking court approval to employ an alternative method of service must meet the following conditions: "(1) the plaintiff must make a good faith effort to locate the defendant; (2) the plaintiff must show that he has made practical efforts to serve the defendant under the circumstances; and (3) the plaintiff's proposed alternate means of service 'must be reasonably calculated to provide the defendant with notice of the proceedings against him.'" Banegas v. Hampton, Civ. A. No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (quoting Premium Payment Plan v. Shannon Cab Co., Civ. A. No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007)).

### III.  DISCUSSION

In order to demonstrate that alternative service is appropriate, Plaintiff first "must make a 'good faith' effort to *locate* defendant." Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (citing cases). Good faith efforts may include Freedom of Information Act inquiries to postal authorities, inquiries of the defendant's relatives, neighbors, friends, or employers, and examinations of local telephone directories, voter registration records, tax records, and motor vehicle records. Pa. R. Civ. P. 430(a) note. Plaintiff made two Freedom of Information Act inquiries to the United States Post Office and searched three internet databases for E&D's address. However, Plaintiff has not indicated that he has attempted to locate any of E&D's executive officers, partners, trustees, or managers that are capable of accepting service on behalf of E&D, or that he has examined any public records to identify such individuals. See Olympic Steel Inc. v. Pan Metal & Processing, LLC, Civ. A. No. 11-6938, 2012 WL 682381, at *3 (E.D.

Pa. Mar. 2, 2012) (noting that the plaintiff made a good faith effort to locate both the defendant corporation and "someone who might accept process for" the defendant, such as the corporation's organizer). Therefore, Plaintiff has not demonstrated that he has made a good faith effort to locate any of E&D's employees who are capable of accepting service on E&D's behalf.

"Second, once defendant is located, plaintiff must show that [he] has made practical efforts to *serve* defendant under the circumstances." Calabro, 464 F. Supp. 2d at 472. Plaintiff has made two attempts to serve E&D, once in January at 8001 Castor Avenue, and once in February at 4505 Somerton Road. "The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative." Banegas, 2009 WL 1140268, at *2; see also id. (noting that "[c]ourts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, or 'repeated attempts . . . including a stake out." (citations omitted)). Each of the internet databases that Plaintiff used indicate that the current address for E&D is 4505 Somerton Road, yet Plaintiff has only attempted to serve E&D at that address on one occasion. Under these circumstances, Plaintiff has not demonstrated that he has made sufficient practical efforts to serve E&D at the 4505 Somerton Road address.

Third, "the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him." Calabro, 464 F. Supp. 2d at 472 (citations omitted). Plaintiff proposes to mail the summons and Amended Complaint, via regular mail and certified mail, to E&D at its 4505 Somerton Road address. However, Plaintiff has already attempted, unsuccessfully, to serve E&D at that address, and Plaintiff does not allege that E&D is concealing its whereabouts or refusing to accept service at the 4505 Somerton Road

address. If E&D's office is not actually located at that address, then mailing the summons and Amended Complaint there will not adequately effectuate service on E&D. See Johnson v. Berke Young Int'l, LLC, Civ. A. No. 07-2240, 2007 WL 3010531, at *2 (E.D. Pa. Oct. 12, 2007) (noting that service via mail to the defendant corporation's last known address was not appropriate where the plaintiff unsuccessfully attempted to serve the defendant there on one occasion). Therefore, Plaintiff has not demonstrated that mailing the summons and Amended Complaint to 4505 Somerton Road would be reasonably calculated to provide notice to E&D of Plaintiff's claim against it.

"Alternative service is a remedy of 'last resort,' and is only appropriate when service under the applicable rules of civil procedure cannot be made." Morgan Truck Body, LLC v. Integrated Logistics Solutions, LLC, Civ. A. No. 07-1225, 2008 WL 746827, at *6 (E.D. Pa. Mar. 20, 2008) (citing Grove v. Guilfoyle, 222 F.R.D. 255, 256 (E.D. Pa. 2004). For all of the above reasons, we conclude that Plaintiff has not satisfied his burden under the Pennsylvania Rules of Civil Procedure to demonstrate that alternative service is appropriate in these circumstances.

**IV.   CONCLUSION**

For the foregoing reasons, we deny Plaintiff's Motion for Alternative Service without prejudice to his renewal of the Motion after further attempts at traditional service have been made.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.